ROSEMARIE J. GLAZIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glazier v. Commissioner
Docket No. 20056-91
United States Tax Court
T.C. Memo 1994-415; 1994 Tax Ct. Memo LEXIS 424; 68 T.C.M. (CCH) 507; August 22, 1994, Filed *424 Decision will be entered for petitioner as to the deficiencies and additions to tax, and for respondent as to petitioners claim for refund. Rosemarie J. Glazier, pro se. For respondent: Michael D. Baker. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax Sec.
Sec.
Sec. Sec. Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(1)(A)
6653
6654(a)
(a)(1)(B)
1986
$ 6,665
$ 1,203
-- $ 333
[1]
$ 211
1987
21,437
5,003
-- 1,072
[2]
635
1988
21,649
4,788
$ 1,082
-- --
1,207
After concessions by respondent, the sole issue for decision is whether petitioner is entitled to a refund of taxes overpaid for the years at issue. We hold that she is not so entitled. FINDINGS OF FACT The parties submitted this case partially stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioner resided in Philadelphia, *425 Pennsylvania. Petitioner was single during all years at issue. Petitioner is a schoolteacher, and manager of several rental properties that she owns. Petitioner failed to timely file her Federal income tax returns for 1986, 1987, and 1988. Returns for these years were filed with the Internal Revenue Service's Appeals Division on November 3, 1992. On May 30, 1991, respondent issued a statutory notice of deficiency to petitioner. In the notice respondent determined deficiencies in petitioner's 1986, 1987, and 1988 Federal income tax regarding unreported income, and additions to tax for negligence, failure to timely file, and failure to make estimated payments. Per stipulations, amounts withheld from petitioner's wages caused overpayments of tax of $ 1,839, $ 1,038, and $ 2,497 for 1986, 1987, and 1988, respectively. OPINION Respondent argues that petitioner is not entitled to a refund of any portion of excess tax withheld during the years at issue because sections 6511 [1] and 6512 bar such a refund. Sec. 6511(a) states: (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the *426 taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *
If no return is filed prior to the issuance of the notice of deficiency, the 3-year period of section 6511 is inapplicable, and as a result the 2-year "lookback" period of section 6511(b)(2)(B) applies. , affd. without published opinion ; , affd. ; . *427 For the purpose of section 6511, tax withheld is deemed to have been paid by the taxpayer on the 15th day of the fourth month following the close of his or her taxable year. Sec. 6513(b)(1); . A taxpayer is deemed to have filed a claim for refund on the date the notice of deficiency was mailed. Sec. 6512(b)(3)(B); Petitioner filed returns for the years at issue on November 3, 1992; respondent's notice of deficiency was issued on May 30, 1991. Therefore, because no returns were filed prior to the issuance of the notice of deficiency, the 2-year period of section 6511(b)(2)(B) applies in the instant case. Amounts withheld from petitioner's wages during 1986, 1987, and 1988 are deemed paid by petitioner on April 15, 1987, April 15, 1988, and April 15 1989, respectively. Petitioner is deemed to have filed her claim for refund on May 30, 1991. Because none of these payments occurred during the 2-year period immediately prior to petitioner's filing of a claim for refund, petitioner's claim is outside the applicable period of limitations under *428 section 6511. Accordingly, we hold that petitioner is not entitled to a refund for overpayment of her taxes for the years at issue. To reflect the foregoing, Decision will be entered for petitioner as to the deficiencies and additions to tax, and for respondent as to petitioner's claim for refund.
Footnotes
1. 50 percent of the interest due on $ 4,813.↩
2. 50 percent of the interest due on $ 20,010.↩
1. All section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩